UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK ALLEN TRAVALINI, | ) | 1:04-cv-06588-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATION |
| | ) | TO DISMISS FOR FAILURE TO COMPLY |
| | ) | WITH COURT ORDER |
| v. | ) | (Doc. 1) |
| | ) | |
| THE PEOPLE OF CALIFORNIA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on November 22, 2004, with the Clerk of the United States District Court for the Eastern District of California, Fresno Division. (Doc. 1)

On February 23, 2005, the Court issued an order directing Petitioner to file an amended petition within thirty days naming the proper respondent and clarifying the extent to which state court remedies had been exhausted. (Doc. 5). More than thirty days have elapsed from the date the Court's order was served on Petitioner, and Petitioner has failed to file an amended petition. Accordingly, Petitioner has not complied with the Court's order dated February 23, 2005.

Local Rule 11-110 provides that "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their

1  dockets and "in the exercise of that power, they may impose sanctions including, where appropriate
2  . . . dismissal of a case." <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986).  A court
3  may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to
4  obey a court order, or failure to comply with local rules.  <u>See</u>, <u>e.g.</u>, <u>Ghazali v. Moran</u>, 46 F.3d 52,
5  53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d
6  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of
7  complaint); <u>Malone v. United States Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for
8  failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir.
9  1986)(dismissal for lack of prosecution and failure to comply with local rules).

10  In determining whether to dismiss an action for lack of prosecution, failure to obey a court
11  order, or failure to comply with local rules, the court must consider several factors: (1) the public's
12  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
13  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
14  (5) the availability of less drastic alternatives. <u>Ghazali</u>, 46 F.3d at 53; <u>Ferdik</u>, 963 F.2d at 1260-61;
15  <u>Malone</u>, 833 F.2d at 130;  <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24.

16  In the instant case, the Court finds that the public's interest in expeditiously resolving this
17  case and the Court's interest in managing its docket weigh in favor of dismissal, as this case has been
18  pending for almost three months.  Further, the Court cannot proceed on the petition because the
19  petition fails to name a proper respondent and fails to provide sufficient information for the Court to
20  conduct its preliminary review regarding exhaustion of state court remedies.  The third factor, risk of
21  prejudice to respondents, also weighs in favor of dismissal because a presumption of injury arises
22  from the occurrence of an unreasonable delay in prosecuting an action. <u>Anderson v. Air West</u>, 542
23  F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on
24  their merits -- is greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to
25  a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of
26  alternatives" requirement. <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at
27  1424.
28  ///

1   The Court's order requiring Petitioner to file an amended petition expressly stated that
2   Petitioner's failure to comply with the order might result in a recommendation that the action be
3   dismissed. (Doc. 5, p. 6). Thus, Petitioner had adequate warning that dismissal would result from
4   his noncompliance with the Court's order.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED due to Petitioner's failure to comply with a Court order.

This Report and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72-304. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 6, 2005**                    **/s/ Theresa A. Goldner**
j6eb3d                                    UNITED STATES MAGISTRATE JUDGE