1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    FRANK ALLEN TRAVALINI,            )    1:04-cv-06588 OWW TAG HC
                                       )
10                                     )    ORDER VACATING REPORT AND
                      Petitioner,      )    RECOMMENDATION TO DISMISS
11        v.                           )    (Doc. 6)
                                       )
12   THE PEOPLE OF CALIFORNIA,         )    ORDER DIRECTING PETITIONER
                                       )    TO FILE SUPPLEMENT TO MOTION
13                                     )    FOR APPOINTMENT OF COUNSEL
                                       )    (Doc. 9)
14                    Respondent.      )
                                       )    ORDER DENYING MOTION FOR
15   _____ )    ALTERNATIVE RELIEF (Doc. 10)

16

17        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Petitioner filed his petition on November 22, 2004, with the Clerk of

19   the United States District Court for the Eastern District of California, Fresno Division.  (Doc. 1)

20        On February 23, 2005, the Court issued an order directing Petitioner to file an amended

21   petition within thirty days naming the proper respondent and clarifying the extent to which state

22   court remedies had been exhausted.  (Doc. 5).   Petitioner did not comply with the Court's order.

23   Accordingly, on May 6, 2005, the Court issued a report and recommendation recommending the

24   petition be dismissed due to Petitioner's failure to comply with the Court's order.  (Doc. 6).

25        On May 19, 2005, Petitioner filed objections to the Magistrate Judge's report and

26   recommendation, in which Petitioner indicated that, although he had received the original February

27   23, 2005 order to amend, he misunderstood the order and did not realize that the Court had imposed

28   a time limit within which Petitioner was to file an amended petition.  (Doc. 8, p. 2).  Petitioner also

1

alleges difficulty in accessing the hospital law library and difficulty arranging time to communicate with a patient who assists Petitioner in this proceeding.  (Doc. 8, p 3).

On May 19, 2005, Petitioner also filed a motion to appoint counsel, in which Petitioner alleges, under penalty of perjury, that he is presently incarcerated in the California State Hospital and is suffering from "grave mental disorder" that "does severely limit my understanding, and articulative abilities...."  (Doc. 9, p 3).  On the same date, Petitioner filed a motion for alternative relief in which Petitioner requests leave to "seek redress through the lower level courts" in the event that the Court does not grant the motions referred to above.  (Doc. 10).  Along with the objections, motion for appointment of counsel, and motion for alternative relief, Petitioner also filed an amended petition.  (Doc. 7).

DISCUSSION

A. <u>Report and Recommendation of May 6, 2005</u>.

The Report and Recommendation of May 6, 2005, recommended dismissal of the instant petition because Petitioner failed to comply with the Court's order of February 23, 2005, directing Petitioner to file an amended petition.  Because Petitioner has now complied with that order by filing an amended petition and also because Petitioner has adequately explained the difficulties he experienced in understanding what the Court's order required, the Court finds that there exists GOOD CAUSE to vacate the Report and Recommendation of May 6, 2005.  (Doc. 6).

B. <u>Motion for Appointment of Counsel</u>.

There currently exists no absolute right to appointment of counsel in habeas proceedings.  <u>See</u> <u>e.g.</u>, <u>Anderson v. Heinze</u>, 258 F.2d 479, 481 (9th Cir.), <u>cert.</u> <u>denied</u>, 358 U.S. 889 (1958); <u>Mitchell v. Wyrick</u>, 727 F.2d 773 (8th Cir.), <u>cert.</u> <u>denied</u>, 469 U.S. 823 (1984).  However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  <u>See</u> Rule 8(c), Rules Governing Section 2254 Cases.

In the present case, Petitioner has requested counsel because of his lack of training in the law and because he suffers from a "grave mental disorder."  (Doc. 9, p 3).  Additionally, the original petition indicated that Petitioner was found not guilty by reason of insanity as to two charges at his second trial.  (Doc. 1, Attachment).  Petitioner was found sane as to three other counts and sentenced

1    to a term of 75 to life.  (Id.).  However, on September 12, 2001, Petitioner was committed to the

2    State Hospital at Atascadero, California, where he was to remain until restoration of his sanity,

3    whereupon he would be returned to the Department of Corrections to commence his prison sentence.

4    (Id.).   The amended petition indicates that Petitioner is still confined to the State Hospital.  (Doc. 7,

5    p. 2).

6          Where a substantial question exists regarding the mental competence of a party proceeding

7    pro se, the preferred procedure is to conduct a hearing to determine competence, so that a guardian

8    ad litem can be appointed, or other appropriate orders can be made, if necessary to protect such

9    party's interests.  See, Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989); Fed. R. Civ. P.

10    17(c).  In this case, Petitioner has not provided any formal medical diagnoses of his mental

11    incompetence.  On the other hand,  Petitioner is incarcerated in the State Hospital following a verdict

12    of not guilty by reason of insanity.  The fact that Petitioner is still undergoing treatment for his

13    mental condition and has not been released to begin serving his prison term, is at least inferential

14    evidence that Petitioner suffers at least some mental impairment.

15          The question of appointing counsel for a habeas petitioner is distinct from the issue of

16    competence to proceed pro se.  However, because Petitioner has raised the issue of competence in

17    his motion for appointment of counsel, the two issues are legally intertwined in this instance.  The

18    Court cannot make a determination about the appointment of counsel until it has satisfied itself as to

19    Petitioner's competence.  However, the Court presently has insufficient evidence regarding

20    Petitioner's current mental condition to make an informed decision about Petitioner's competence to

21    proceed.

22          Therefore, the Court will order Petitioner to supplement his motion for appointment of

23    counsel, by providing the Court with additional information regarding Petitioner's current mental

24    condition.  This information includes, but is not limited to, any medical diagnoses of Petitioner's

25    current mental condition, his current course of medical treatment (including any medications

26    Petitioner is receiving), and any other information Petitioner feels would be helpful to the Court in

27    deciding whether Petitioner is presently competent to proceed without either the appointment of

28    counsel or the appointment of a guardian ad litem.  Once the Court has reviewed the supplemental

1   information, it will determine whether to proceed with a competency hearing, appoint an attorney, or

2   obtain additional information.

3           C.   Motion for Alternative Relief.

4           Because the Court is vacating the Report and Recommendation of May 6, 2005, and because

5   the Court is granting leave for Petitioner to provide further information regarding his mental

6   condition as it relates to his competence to proceed as well as to his need for appointed counsel, and

7   because  Petitioner's motion for alternative relief was predicated on the denial of said relief, the

8   motion for alternative relief is DENIED as moot.

9                                                    ORDER

10          Accordingly, GOOD CAUSE appearing therefore, the Court ORDERS as follows:

11          1.  The Court VACATES the Report and Recommendation of May 6, 2005 (Doc. 6);

12          2.  Petitioner is DIRECTED to file a "Supplement to Motion for Appointment of Counsel"

13   within thirty (30) days of the date of service of this order.  In the Supplement to Motion for

14   Appointment of Counsel, Petitioner must provide additional admissible information regarding his

15   present mental condition to proceed in this case, including, but not limited to, declarations of any

16   medical diagnoses of Petitioner's current mental condition, any medical course of treatment

17   Petitioner is currently undergoing, including all medications Petitioner is currently receiving, and any

18   other information that Petitioner feels would be helpful to the Court in determining whether

19   appointment of either counsel or a guardian ad litem is necessary;

20          3.  The Court withholds ruling on Petitioner's motion for appointment of counsel (Doc. 9),

21   pending receipt of further information from Petitioner regarding his present mental condition; and,

22          4.  Petitioner's motion for alternative relief (Doc. 10), is DENIED as moot.

23   Petitioner is forewarned that his failure to comply with this order may result in a recommendation

24   that the petition be dismissed pursuant to Local Rule 11-110.

25   IT IS SO ORDERED.

26   **Dated:     June 16, 2005**                          **/s/ Theresa A. Goldner**

27   j6eb3d                                              UNITED STATES MAGISTRATE JUDGE

28