# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ALLEN TRAVALINI,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>THE PEOPLE OF CALIFORNIA,<br><br>　　　　　Respondent. | 1:04-cv-06588-OWW-TAG HC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(Doc. 9) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

Petitioner filed his Petition on November 22, 2004, with the Clerk of the U.S. District Court for the Eastern District of California, Fresno Division. (Doc. 1) On February 23, 2005, the Court issued an Order directing Petitioner to file an amended petition within thirty days naming the proper respondent and clarifying the extent to which state court remedies had been exhausted. (Doc. 5). Petitioner did not comply with the Court's Order; consequently, on May 6, 2005, the Court issued Findings and Recommendations recommending that the petition be dismissed due to Petitioner's failure to comply with the Court's order. (Doc. 6).

On May 19, 2005, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations, in which Petitioner indicated that, although he had received the original February 23, 2005 Order to Amend, he had misunderstood the order and did not realize that the Court had imposed a time limit within which Petitioner was to file the amended petition. (Doc. 8, p. 2). Petitioner also alleges difficulty in accessing the hospital law library and difficulty arranging time to

communicate with the patient who assists Petitioner in this proceeding. (Doc. 8, p 3).

On May 19, 2005, Petitioner also filed a motion to appoint counsel, in which Petitioner alleges, under penalty of perjury, that he is presently incarcerated in the California State Hospital and is suffering from "grave mental disorder" that "does severely limit my understanding, and articulative abilities...." (Doc. 9, p 3). On June 17, 2005, this Court ordered Petitioner to file a supplement to his motion to appoint counsel (Doc. 12), and Petitioner complied by filing a Supplement to Motion for Appointment of Counsel on September 9, 2005. (Docs. 15 and 16).

DISCUSSION

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). This is so because the Sixth Amendment right to counsel does not apply in habeas corpus actions, which are civil in nature. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson, 258 F.2d at 481.

While there is no constitutional right to counsel on habeas, there is nevertheless a right to due process in habeas proceedings. Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993). Thus, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Chaney, 801 F.2d at 1196; Rule 8(c), Rules Governing Section 2254 Cases. A district court abuses its discretion in denying the appointment of counsel when the case is so complex that due process violations will occur without the presence of counsel. See Chaney, 801 F.2d at 1196; Bonin, 999 F.2d at 429. In this case, for the reasons discussed below, the Court does not find that the interests of justice require the appointment of counsel at the present time.

First, the case is not so complex that, in the Court's view, due process violations will occur absent the presence of counsel. Petitioner indicates he is challenging his convictions for burglary, petty theft with a prior, escape, possession of a weapon while a prisoner, carjacking, and flight from a police officer, which resulted in a prison sentence of 75-years-to-life. (Doc. 1, p. 2).[1] The petition raises three grounds for relief: (1) Petitioner's Three Strikes sentence violates equal protection and ex post facto guarantees of the U.S. Constitution; (2) the state court violated Petitioner's due process

---

[1] Petitioner is presently confined to the Atascadero State Hospital at Atascadero, California.

2

rights by abusing its discretion in finding all of his prior convictions to be true; and (3) his sentence violates the Eighth Amendment's protection against cruel and unusual punishment. (Doc. 1, pp. 5a-5d).

In essence, then, Petitioner's claims are constitutional challenges to California's Three Strikes Law, claims that have been raised with some frequency over the last ten years in both California appellate courts and in the federal courts, and for which a voluminous body of Ninth Circuit case law exists. Petitioner's claims are essentially questions of law and do not involve controverted issues of fact. Under these circumstances, the Court concludes that the issues raised in the instant petition, while undoubtedly important and significant in terms of the constitutional rights invoked, cannot be deemed so complex that due process violations are likely to occur in the absence of appointed counsel. See Chaney, 801 F.2d at 1196; Bonin, 999 F.2d at 429.

Second, Petitioner claims that his mental condition makes it necessary to appoint counsel. To further develop this contention, the Court permitted Petitioner to provide additional documentation of his mental condition before issuing a ruling on whether to appoint counsel. Petitioner has now provided such additional documentation; however, the Court concludes that the information contained therein does not indicate that Petitioner's mental condition is such that his due process rights are likely to be violated if he is required to represent himself.

Petitioner relies on two points in the medical documents submitted for this motion. First, there is a description of the "deficits" in Petitioner's "interpersonal skills" in which Petitioner is "inconsistent in his ability to communicate effectively enough to carry on conversations and meet his daily living needs. Inconsistently recognizes and responds appropriately to the rights of others. Seldom demonstrates effective interpersonal problem solving skills with peers and staff." (Doc. 15, Exh. A, p. 4). While Petitioner may have difficult interacting with others, that should not be an undue burden on him in representing himself. The medical report does not indicate that Petitioner has difficulty comprehending legal concepts, reading the documents sent by opposing counsel or the Court, or drafting documents in response. The deficits detailed in the medical report appear to be limited to interacting with others, a problem that does not suggest Petitioner cannot represent himself in these proceedings.

Petitioner also points to a list of "Impediments to Discharge," which include, inter alia, delusions, hallucinations, thought disorder, paranoia, and depression. (Doc. 15, p. 1; Exh. A, p. 2). However, Petitioner's delusions and thought disorders are categorized as "mild," his paranoia as "minimal," and his hallucinations as "moderate." (Id., Exh. A, p. 2). Only Petitioner's depression is listed as "severe." (Id.)  While depression may perhaps cause temporary difficulties for any individual representing themselves in a legal proceeding, the Court does not view the medical information contained in the reports to suggest that, taken as a whole, Petitioner's medical condition would so disable him from representing himself that due process violations are likely to occur as a result.  Accordingly, the Court does not find that, at this time, the interests of justice require the appointment of counsel. 18 U.S.C. § 3006A.

An additional issue, applicable to habeas corpus petitioners pursuant to Allen v. Calderon, 408 F.3d 1150 (9th Cir. 2005), is whether, pursuant to Fed. R. Civ. P. 17(c), this Court is required to "appoint a guardian ad litem for an . . . incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the . . . incompetent person." In Allen, the Ninth Circuit remanded the case for a competency hearing given the existence of two declarations that the petitioner was mentally ill and did not understand the district court's orders, as well as a letter from a prison psychiatrist stating that the petitioner was diagnosed with chronic undifferentiated schizophrenia. 408 F.3d at 1151-52.

The instant case is far different than in Allen.  Here, Petitioner's allegations--as set forth in his Supplement to Motion for Appointment of Counsel--are that he is "functionally illiterate" and "developmentally disabled." (Doc. 15, p. 1). A declaration appended to Petitioner's supplemental pleading states only that Petitioner cannot "read and write at a level required to represent himself before the Court." (Doc. 15, Exh. B). Petitioner's declaration does not indicate any problem suffered by Petitioner other than his level of literacy. Moreover, as mentioned, the medical assessment attached to the supplemental pleading states that Petitioner is partially effective in coping with his level of literacy, has only "mild" or "moderate" psychiatric symptoms (except for depression and the possibility of self-harm), and contains no suggestion of developmental disability other than an "inconsistent" ability to identify and cope with certain stimuli (situations potentially leading to

self-injurious or violent behavior).  (Doc. 15, Exh. A).

The Court concludes that this state of the evidence warrants neither a competency hearing nor, as might thereafter result, the appointment of counsel or a guardian *ad litem*.  See Jones v. United States, Slip Copy, 2006 WL 44323 (W.D. Va. 2006)("Illiteracy is a factor that can contribute to a determination of incompetence, however, it cannot be the sole source of incompetence.  Legal incompetence is defined as a condition in which the defendant's mental faculties are impaired to the point where he is unable to understand and appreciate the charges against him and realize the consequences of his actions. . . . Although illiteracy may prohibit a defendant from understanding and appreciating written communications, it does not, standing alone, inhibit a defendant who has no history of mental retardation (or other mental illnesses that affect a person's faculties) from understanding verbal communications.  The Court agrees with precedent from other circuit courts that hold that illiteracy does not invariably equate with legal incompetence")(citations omitted); Santiago v. C.O. Campisi Shield, 91 F. Supp. 2d 665, 677 (S.D.N.Y. 2000)("plaintiff's . . . request for appointment of a guardian *ad litem* pursuant to Fed.R.Civ.P. 17(c) is denied.  Plaintiff is not a minor, nor is he incompetent in the sense contemplated by Rule 17(c).  Plaintiff goes to great pains to convince the Court that he is illiterate, and that his legal papers are prepared for him by 'jailhouse lawyers,' which the Court does not doubt.  But plaintiff mistakenly equates his illiteracy with incompetence, an argument supported neither by logic nor law").

### ORDER

Accordingly, for the reasons set forth above, it is HEREBY ORDERED that Petitioner's request for appointment of counsel (Doc. 9), is DENIED.

IT IS SO ORDERED.

Dated:   **March 24, 2006**               /s/ Theresa A. Goldner
**j6eb3d**                                UNITED STATES MAGISTRATE JUDGE